IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 07-00150 JMS (01) |
| | ) | (Civ. No. 16-00046 JMS-KSC) |
| Plaintiff, | ) | |
| | ) | ORDER (1) DENYING |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | VACATE UNDER 28 U.S.C. § 2255, |
| SCOTT MICHAEL CARTER (01), | ) | AND (2) GRANTING A |
| | ) | CERTIFICATE OF APPEALABILITY |
| Defendant. | ) | |
| _____ | ) | |

**ORDER (1) DENYING DEFENDANT'S MOTION TO VACATE UNDER
28 U.S.C. § 2255, AND (2) GRANTING A CERTIFICATE OF
APPEALABILITY**

## I. **INTRODUCTION**

Before the court is Defendant Scott Michael Carter's ("Defendant")

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody ("§ 2255 Motion").  Doc. No. 79.  Defendant argues

that his 132-month sentence, imposed on August 27, 2007 under the Armed Career

Criminal Act ("ACCA"), is unconstitutional.  The § 2255 Motion relies primarily

on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (invalidating the ACCA's

"residual clause" in 18 U.S.C. § 924(e)(2)(B)(ii)), and *Descamps v. United States*,

133 S. Ct. 2276 (2013) (explaining methodology used to determine applicability of

ACCA).[1]  Based on the following, the § 2255 Motion is DENIED.

## II.  FACTUAL AND LEGAL BACKGROUND

On April 5, 2007, pursuant to a Memorandum of Plea Agreement

("Plea Agreement"), Defendant pled guilty to two Counts of a March 29, 2007

Indictment:  (1) conspiracy to distribute, and to possess with intent to distribute,

methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(B)

(Count One); and (2) felon in possession of a firearm subsequent to three

convictions for violent felonies, in violation of 18 U.S.C. §§ 921(g)(1) &

924(e)(1) (Count Three).  Doc. Nos. 27, 37-38.  As to Count Three, the Indictment

charged Defendant with having three prior felony convictions for first degree

burglary under Hawaii law.  Doc. No. 27.  And in the Plea Agreement -- which

was accepted by the court on August 20, 2007, Doc. No. 53 -- Defendant

stipulated factually and legally to the following regarding his prior burglary

convictions:

> (a)  Factual stipulation as to prior burglary convictions:
> Defendant hereby admits to the following facts, such that

---

[1]  After the § 2255 Motion was filed, the Supreme Court issued two other opinions that are also central to these proceedings.  *See Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* announced a substantive rule that applies retroactively on collateral review) & *Mathis v. United States*, 136 S. Ct. 2243 (2016) (reiterating methodology discussed in *Descamps*).

it will not be necessary to prove the factual allegations
contained in the Notice [of United States' Intent to Seek
Enhanced Penalties Under 18 U.S.C. § 924(e)]:

(1)  All of the facts and averments describing
defendant's prior burglary convictions, as contained and
recited in the Notice, are correct;

(2)  These prior burglary convictions are
defendant's convictions and are final at the present time
and were also final as of the time period charged in the
Indictment;

(3)  The charged crimes therein, namely Burglary
in the first degree, are felony offenses under Hawaii state
law, for which the maximum punishment is ten (10)
years imprisonment; and

(4)  As alleged in the respective charging
documents therein, the burglaries in these prior burglary
convictions all involved residences.

3.  Given defendant's stipulation in the preceding
paragraph, defendant is an "armed career criminal"
within the meaning of Guideline 4B1.4 of the United
States Sentencing Commission Guidelines with respect
to Count[] . . . 3 of the Indictment.[2]

Doc. No. 37, Plea Agreement at 3-4.

Under the ACCA, if a defendant is convicted of a firearms offense

and has three or more prior convictions of "a violent felony or a serious drug

---

[2]  Guideline § 4B1.4 sets forth the offense level and criminal history category for
defendants subject to an enhanced sentence as armed career criminals under 18 U.S.C. § 924(e).

offense, or both," the defendant is subject to a mandatory minimum fifteen-year

sentence.  18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" as follows:

> (B) the term "violent felony" means any crime
> punishable by imprisonment for a term exceeding one
> year . . . that --
>
> (i) has as an element the use, attempted use, or
> threatened use of physical force against the person of
> another; or
>
> (ii) is burglary, arson, or extortion, involves use of
> explosives, or otherwise involves conduct that presents a
> serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2).  The first clause in § 924(e)(2)(B)(ii) ("is burglary, arson,

or extortion, involves use of explosives") is often called the "enumerated offenses

clause."  The second clause ("or otherwise involves conduct that presents a serious

potential risk of physical injury to another") is referred to as the "residual clause."[3]

Given the stipulations in the Plea Agreement, the court sentenced

Defendant on August 20, 2007 as an armed career criminal to 132 months

imprisonment.[4]  The term of imprisonment consisted of 132 months as to Count

One (conspiracy to distribute, and to possess with intent to distribute,

---

[3]  Similarly, § 924(e)(2)(B)(i) is often referred to as the "elements" or "force" clause.  *See Welch*, 136 S. Ct. at 1261 ("Subsection (i) of this definition is known as the elements clause."); *United States v. Parnell*, 818 F.3d 974, 977 (9th Cir. 2016) ("§ 924(e)(2)(B)(i) [is] known as the force clause").

[4]  The 132-month sentence resulted from a legally-permitted downward departure.

methamphetamine), and 132 months as to Count Three (felon in possession of a firearm), with both terms to be served concurrently.  *See* Doc. No. 54, Judgment at 3.  The statutory maximum for Count One was "not less than 5 years and not more than 40 years."  21 U.S.C. §841(b)(1)(B).  That is, the maximum sentence for the drug conspiracy conviction was 40 years, and Defendant was sentenced within that statutory maximum.

Defendant did not appeal the corresponding August 27, 2007 Judgment, and it became final on September 10, 2007 for purposes of 28 U.S.C. § 2255(f)(1) when the appeal period expired.[5]  *See, e.g.*, *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (holding that a judgment becomes final and

---

[5]  Section 2255(f) provides:

A 1-year period of limitation shall apply to a motion under [28 U.S.C. § 2255].  The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

the limitations period under § 2255(f)(1) begins to run "upon the expiration of the time during which [he or] she could have sought review by direct appeal").

At the time of Defendant's sentencing in August 2007, burglary convictions under Hawaii Revised Statutes ("HRS") § 708-810 could have been deemed § 924(e)(2) "violent felonies" under either (or both) the enumerated offense clause or the residual clause when applying the categorical/modified categorical approach derived from *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005).  *See, e.g.*, *United States v. Grisel*, 488 F.3d 844, 851-52 & n.8 (9th Cir. 2007) (en banc) (remanding for application of modified categorical approach after determining that Oregon burglary statute was not a categorical generic burglary, and noting that the residual clause might otherwise apply).

Well after Carter's sentence became final, the Supreme Court issued the two opinions forming the basis of Defendant's § 2255 Motion.  On June 20, 2013, the Supreme Court decided *Descamps*, "which more clearly than earlier cases limited the extent to which courts may satisfy the modified categorical approach by looking at the 'facts' of prior convictions."  *United States v. Marcia-Acosta*, 780 F.3d 1244, 1254 (9th Cir. 2015).  *Descamps* "clarified that the modified categorical approach serves a 'limited function,' 'effectuating the

categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's [prior] conviction.'" *Id.* at 1249 (quoting *Descamps*, 133 S. Ct. at 2283)). "Divisibility" is a key question "because a conviction under an indivisible, overbroad statute can *never* serve as a predicate [ACCA] offense." *Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014) (citing *Descamps*, 133 S. Ct. at 2286). Among other matters, *Descamps* "resolve[d] a Circuit split on whether the modified categorical approach applies to statutes . . . that contain a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense . . . hold[ing] that it does not." 133 S. Ct. at 2283.[6] *Descamps* clarified that sentencing courts must perform a divisible-indivisible analysis before applying the modified categorical approach.

And on June 26, 2015, the Supreme Court decided *Johnson*, which invalidated the ACCA's residual clause as unconstitutionally vague. 135 S. Ct. at

---

[6] After *Descamps*, the Ninth Circuit further explained that "a disjunctive statute is divisible 'only if it contains multiple alternative *elements*, as opposed to multiple alternative *means*.'" *Marcia-Acosta*, 780 F.3d at 1250 (quoting *Rendon v. Holder*, 764 F.3d 1077, 1086 (9th Cir. 2014)) (emphasis in *Rendon*). *See also Almanza-Arenas v. Lynch*, 815 F.3d 469, 477-78 (9th Cir. 2016) (as amended) (en banc) (describing difference between elements and means). And on June 23, 2016, the Supreme Court issued *Mathis*, which reaffirmed the methodology explained in *Descamps* (and consistent with *Rendon* and *Almanza-Arenas*). *Mathis* also held that because the elements of an Iowa burglary statute are broader than the "generic" definition of burglary, such convictions could not form the basis of an ACCA sentence. *Mathis*, 136 S. Ct. at 2257.

2557-58. *Johnson* reasoned that because the residual clause "both denies fair notice to defendants and invites arbitrary enforcement by judges," *id*. at 2557, "imposing an increased sentence under the residual cause . . . violates the Constitution's guarantee of due process." *Id*. at 2563.

Given *Johnson*, Defendant filed his § 2255 Motion on February 4, 2016, arguing that his August 2007 sentence was based on an improper determination that he is an armed career criminal under the ACCA. After the § 2255 Motion was filed, the Supreme Court held that *Johnson* applies retroactively to cases properly-brought on collateral review. *See Welch*, 136 S. Ct. at 1266. Defendant contends that, absent the residual clause, he is not an armed career criminal under the ACCA because his first-degree burglary convictions under HRS § 708-810 do not qualify as predicate violent felonies.[7] *See* Doc. No.

---

[7] HRS § 708-810 provides in pertinent part (as it did in 2007):

> (1) A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:
> > (a) The person is armed with a dangerous instrument in the course of committing the offense;
> > (b) The person intentionally, knowingly, or recklessly inflicts or attempts to inflict bodily injury on anyone in the course of committing the offense; or
> > (c) The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

(continued...)

8

82, Def.'s Mem. at 12.  Defendant seeks to apply the modified categorical

approach as explained in *Descamps* and subsequent Ninth Circuit caselaw (*e.g.*,

*Rendon* and *Almanza-Arenas*), and as the Supreme Court recently reaffirmed in

*Mathis*.

The court decides the § 2255 Motion, which presents purely legal

issues, without a hearing under Local Rule 7.2(d).  The court has considered the

Memorandum in Support, the Opposition, the Reply, as well as several

supplemental briefs and Notices of Supplemental Authority.  *See* Doc. Nos. 82, 86,

88, 90-91, 93-95, 98-100.

## III.  DISCUSSION

### A.    *Johnson* **is Irrelevant**

In striking the ACCA's residual clause as vague, *Johnson* emphasized

that it "does not call into question application of the [ACCA] to the four

enumerated offenses, or the remainder of the [ACCA's] definition of a violent

---

[7](...continued)
(2) An act occurs "in the course of committing the offense" if it
occurs in effecting entry or while in the building or in immediate
flight therefrom.

In turn, HRS § 708-800 defines (as it did in 2007) a "dwelling" as "a building which is
used or usually used by a person for lodging," where a "building" "includes any structure, and the
term also includes any vehicle, railway car, aircraft, or watercraft used for lodging of persons
therein; each unit of a building consisting of two or more units separately secured or occupied is
a separate building."

felony." 135 S. Ct. at 2563. And so, if a sentencing court did not rely on the

residual clause -- i.e., if a court relied on qualifying prior crimes under the

elements/force or enumerated offenses clauses (or on prior "serious drug

offenses") -- then a defendant's ACCA sentence is unaffected by *Johnson*. *See,*

*e.g.*, *Welch*, 136 S. Ct. at 1268 ("It may well be that the Court of Appeals on

remand will determine on other grounds that the District Court was correct to deny

Welch's motion to amend his sentence. For instance, the parties continue to

dispute whether Welch's strong-arm robbery conviction qualifies as a violent

felony under the elements clause of the Act, which would make Welch eligible for

a 15-year sentence regardless of *Johnson*."); *United States v. Sykes*, 809 F.3d 435,

439 (8th Cir. 2016) ("[B]ecause burglary is an enumerated offense under

§ 924(e)(ii), the imposition of an increased sentence need not rest on [the residual

clause]."); *Dawkins v. United States*, 809 F.3d 953, 954 (7th Cir. 2016) ("Dawkins

cannot show that his sentence violates *Johnson* . . . [f]or the sentence was based

not on the residual clause but on prior convictions for carjacking, an element of

which is the use or threatened use of force."); *In re Gordon*, ___F.3d ___, 2016

WL 3648472, at *2 (11th Cir. July 8, 2016) (denying leave to file successive

§ 2255 motion, reasoning that "it is not enough for a federal prisoner to merely

cite *Johnson* as the basis for his claims; he also must make a prima facie showing

that he was sentenced, at least in part, under the residual clause, and thus falls

within the scope of the new substantive rule announced in *Johnson*").

Here, Defendant stipulated that he was an armed career criminal for

purposes of the ACCA.  Doc. No. 37, Plea Agreement at 4.  That is, he specifically

agreed that his prior Hawaii burglary convictions "all involved residences," *id.* at

3, -- an agreement that only makes sense if the parties understood (and were

agreeing) that Defendant had committed three or more prior violent felonies under

the enumerated offenses clause.[8]  *See, e.g.*, *United States v. Bonat*, 106 F.3d 1472,

1477 (9th Cir. 1997) ("The Oklahoma Information only charged Bonat with

burglarizing a residence, along with the other elements of generic burglary; Bonat

was not charged with entering an automobile, or any other object besides the

---

[8]  In fact, Defendant conceded this in a memorandum to this court, stating:

> Carter concedes (as he currently perceives no way not to) that the
> explicit reliance on the residence admission to make him an armed
> career criminal only makes sense, as things stood back in 2007,
> under §924(e)'s enumerated offense clause.  That admission would
> have been deemed sufficient to characterize his burglaries as
> generic ones by way of the modified categorical analysis (as courts
> in this district and circuit were then doing it) for the purpose of
> counting them as violent felonies under the enumerated offenses
> clause.

Doc. No. 88, Def.'s Second Suppl. Mem. at 3-4.  Defendant later claimed that his concession
wasn't really a concession:  "[h]e simply acknowledged how this Court might draw such an
inference from the plea agreement in this matter," and he argued that the "admission does not do
much, if any work, even under the enumerated offenses clause."  Doc. No. 91, Def.'s Reply
Mem. at 3 (emphasis omitted).

residence.  Therefore when Bonat pled guilty to the crime charged in the

Information, he necessarily pled guilty to generic burglary.").  If the parties were

relying at all on the residual clause, there would have been no reason to mention

residences.  In other words, Defendant stipulated, factually and legally, that his

prior convictions fit within an enumerated offense of the ACCA, and that he had

three prior convictions making him an armed career criminal under the ACCA.

And at the time Defendant entered his plea, such a stipulation was entirely

consistent with the Ninth Circuit's application of the modified categorical

approach.  *See, e.g.*, *Grisel*, 488 F.3d at 851-52.

      Defendant is bound by these stipulations.  *See, e.g.*, *United States v.*

*Miranda*, 484 F. App'x 70, 71 (7th Cir. 2012) ("Miranda waived this potential

argument [that a prior conviction was not a predicate 'crime of violence'] by

stipulating to his career-offender status in the plea agreement.") (citing *United*

*States v. Fiore*, 178 F.3d 917, 925 (7th Cir. 1999) ("Bombacino waived any

obstruction of justice argument when he knowingly entered into a plea agreement

with the government in which he stipulated that he obstructed justice by

instructing witnesses to lie to federal agents.")); *United States v. Dickerson*, 457 F.

App'x 232, 233 (4th Cir. 2011) (rejecting argument that defendant was improperly

sentenced as an armed career criminal, where defendant "stipulated he was an

armed career criminal and is bound by his stipulation") (citing *United States v. Martinez*, 122 F. 3d 421, 423 (7th Cir. 1997)); *cf. United States v. Blankenship*, 2016 WL 3579077, at *5 (D. Haw. June 28, 2016).[9]

## B.    Because *Johnson* is Irrelevant, 28 U.S.C. § 2255(f) Bars This § 2255 Motion

Given that *Johnson's* invalidation of the ACCA's residual clause is simply irrelevant, Defendant's § 2255 Motion is based solely on applying *Descamps* (and other post-sentencing caselaw such as *United States v. Terrell*, 593 F.3d 1084 (9th Cir. 2010) that analyzes whether burglary statutes can be qualifying ACCA crimes[10]).  *See, e.g.*, *United States v. Christian*, 2016 WL 1229080, at *6 (E.D. Wash. Mar. 28, 2016) (denying as time-barred a § 2255 motion alleging "*Johnson* error" that, in reality, attacked a conclusion from a 2002 sentencing that defendant's prior crimes were ACCA predicate convictions, reasoning that defendant "is thereby truly seeking relief from the Court's ACCA

---

[9]  Defendant contends that his stipulations do not bar a § 2255 claim because he is challenging an illegal sentence in violation of the constitution.  *Cf. United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (reiterating that an appeal waiver does not apply to an illegal sentence).  But this argument is circular -- because *Johnson* does not apply, his sentence was not illegal or unconstitutional (especially when considered as *Taylor* modified categorical approach was understood at the time of sentencing).  And, as analyzed to follow, Defendant may not use *Descamps* to collaterally attack his sentence now.

[10]  *Terrell* analyzed Arizona and Missouri burglary statutes (which are similar to Hawaii's) and held "although Terrell's prior burglary offenses do not fit within the enumerated offenses, they do fit within the residual clause."  593 F.3d at 1092.

determination under *Descamps*, not *Johnson*"). That is, Defendant argues that his prior Hawaii burglaries do not qualify as predicate ACCA convictions because Hawaii's burglary statute is indivisible, and thus the court improperly applied the modified categorical approach when it sentenced Defendant in August 2007.

As mentioned above, when Defendant was sentenced in August 2007 -- as courts and parties understood the law at that time -- Defendant's Hawaii burglary convictions could properly have been considered violent felonies under the enumerated offenses clause of the ACCA. *See Grisel*, 488 F.3d at 851-52 (decided June 5, 2007). At that time, courts in the Ninth Circuit were not asking whether statutes were divisible or indivisible. Rather, if a crime was categorically broader than generic burglary (as defined in *Taylor*), it was understood that courts could then proceed directly to analyzing "*Shepard* documents" under the modified categorical approach. *See, e.g.*, *id.* at 851 ("Because Oregon's second-degree burglary statute, Or. Rev. Stat. § 164.215, fails the categorical approach as to 'burglary,' the final inquiry is whether Defendant's prior convictions nevertheless satisfy the modified categorical approach."). As the Ninth Circuit, sitting en banc, pointed out in *United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011), *overruled by Descamps*, 133 S. Ct. at 2293, "[b]efore *Navarro-Lopez* [*v. Gonzalez*, 503 F.3d 1063 (9th Cir. 2007)], our cases drew no distinction between

14

different kinds of statutes in terms of when the modified categorical approach

could be applied." *Id.* at 922.  (And *Navarro-Lopez* was decided on September 19,

2007, one month after Defendant was sentenced.)

In seeking to apply *Descamps* in this § 2255 Motion, Defendant

originally argued that *Descamps* is a substantive rule (or, along with *Johnson*, has

a "substantive effect") and thus should be applied retroactively.  *See* Doc. No. 88,

Def.'s Mar. 8, 2016 Mem. at 6-10.  But many other courts (including the Ninth

Circuit) have ruled -- in two § 2255 gate-keeping contexts involving successive

and/or time-barred petitions -- that *Descamps* did not announce a new substantive

rule of constitutional law made retroactive to cases on collateral review.[11]  *See,*

*e.g.*, *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) (denying request to

---

[11]  In particular, 28 U.S.C. § 2255(h) provides:

> A second or successive [§ 2855] motion must be certified as
> provided in section 2244 by a panel of the appropriate court of
> appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light
> of the evidence as a whole, would be sufficient to establish by clear
> and convincing evidence that no reasonable factfinder would have
> found the movant guilty of the offense; or
>
> (2) *a new rule of constitutional law, made retroactive to cases on*
> *collateral review by the Supreme Court, that was previously*
> *unavailable.*

(Emphasis added).

file a second or successive § 2255 motion, holding that *Descamps* is neither a

"new rule" nor a "rule of constitutional law" under 28 U.S.C. § 2255(h)(2));

*United States v. Berkley*, 623 F. App'x 346 (9th Cir. 2015) (upholding denial of

§ 2255 motion as untimely under § 2255(f), reasoning that *Descamps* was not

made retroactively applicable to cases on collateral review) (citing *Ezell*);[12]

*Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) (upholding

dismissal under § 2255(f) because *Descamps* did not involve a "newly

recognized" right); *In re Thomas*, ___ F.3d ___, 2016 WL 3000325, at *3 (11th

Cir. May 25, 2015) ("*Descamps* did not announce a new rule of constitutional law

as required under § 2255(h)(2)").

　　　　Defendant distinguishes such precedent that bars retroactive

application of *Descamps*, pointing out that his is an *initial* § 2255 Motion (that is,

it is a habeas action that is not subject to the gate-keeping requirement in 2255(h)).

He relies primarily on *Mays v. United States*, 817 F.3d 728, 733 (11th Cir. 2016)

(holding that, because *Descamps* is an application of an "old rule" it is not subject

to a *Teague v. Lane*, 489 U.S. 288 (1989) retroactivity bar, and is thus applicable

---

[12] Utilizing language similar to § 2255(h)(2), § 2255(f)(3) provides for a one-year limitation period running from, among other possible dates, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

on collateral review in an initial § 2255 petition).  *See also In re Hires*, ___ F.3d

___, 2016 WL 3342668, at *5 (11th Cir. June 15, 2016) ("And while *Descamps* is

retroactive for a first § 2255 motion, we have held that *Descamps* is not retroactive

for purposes of a second or successive § 2255 motion.") (citations omitted).

Given *Mays*, Defendant contends that *Descamps* can apply retroactively in this

proceeding.  *See generally Whorton v. Bockting*, 549 U.S. 406, 416 (2007) ("[A]n

old rule applies both on direct and collateral review, but a new rule is generally

applicable only to cases that are still on direct review."); *Reina-Rodriguez v.*

*United States*, 655 F.3d 1182, 1188-90 (9th Cir. 2011) (discussing *Teague* and

holding that *Grisel* was not subject to *Teague's* retroactivity bar).

But an "old rule" that applies on collateral review in an initial § 2255

petition may still be barred by the one-year limitation period in 28 U.S.C.

§ 2255(f).  And that is the exact case here.  Defendant's conviction became final in

September 2007, and Defendant did not file this petition until February 2016.  In

this regard, *Mays* is inapplicable because in that case the government "conceded

that, in light of *Johnson*, it believes Mays's sentence under § 924(e)(1) is

unlawful," "waiv[ed] non-retroactivity as a defense to Mays's *Descamps* and

*Johnson* arguments," and twice specifically waived a "period of limitations

defense to Mays's challenge to his sentence."  817 F.3d at 732.  Further, because

*Johnson* does not apply, it cannot serve as the basis for a timely § 2255 motion under § 2255(f)(3).

In other words, where *Johnson* does not apply, Defendant may not use *Descamps* (or subsequent caselaw interpreting or applying *Descamps*) to attack the court's August 2007 conclusions regarding the nature of Defendant's ACCA predicate convictions. As the Eleventh Circuit recently reasoned in *Hires*, "what matters here is whether, *at sentencing*, [a defendant's] prior convictions qualified pursuant to the residual clause, which would render his sentence subject to [a] § 2255 challenge under *Johnson*, or pursuant to the elements [or enumerated offenses] clause, which would not." 2016 WL 3342668, at *5 (emphasis added). It follows that "because [Defendant's] convictions qualified under the [enumerated offenses] clause, that settles the matter for *Johnson*-residual clause purposes *regardless of whether those convictions would count were [Defendant] being sentenced today*." *Id.* (emphasis added).

What Defendant is attempting to do is improperly use *Johnson* "as a portal to assert a *Descamps* claim, such as a claim that *Descamps* precludes using the modified categorical approach on a [burglary] statute unless the statute is divisible, and thus convictions previously counted as predicate [burglaries] under the [enumerated offenses] clause no longer count under that clause." *Id. Hires*,

18

which the court finds persuasive, precludes such use -- "*Johnson* involved the residual clause and does not serve as a portal to relitigate whether a prior robbery conviction or other conviction qualifies under [a different] clause." *Id.*[13]

In short, Defendant was sentenced as an armed career criminal under the enumerated burglary clause (and thus *Johnson* is irrelevant), and the one-year time bar applies to Defendant's *Descamps* claim. The § 2255 Motion is time-barred under § 2255(f). *See, e.g.*, *Christian*, 2016 WL 1229080, at *6; *Berkley*, 623 F. App'x at 346; *Headbird*, 813 F.3d at 1097.

## C.    An "Actual Innocence/Escape Hatch" Exception Does Not Apply

Recognizing (correctly) the possibility that this § 2255 Motion is otherwise time-barred, Defendant asks the court to apply an exception for "actual

---

[13] The situation would be different if *Johnson* was relevant (for example, where it is unclear whether the sentencing court could have relied on the residual clause). In that situation, when re-sentencing a defendant and assessing whether prior convictions qualify as ACCA predicates, the court would apply current law (*Descamps* and subsequent interpretations). *See, e.g.*, *In re Adams*, ___ F.3d ___, 2016 WL 3269704, at *3 (11th Cir. June 15, 2016) ("In this case, the sentencing court may have relied on the residual clause in imposing [defendant's] sentence based on his prior Florida burglary conviction. . . . [Defendant's] claim implicates *Johnson*, and . . . we should look to guiding precedent, such as *Descamps*, to ensure we apply the correct meaning of the ACCA's words."); *In re Rogers*, 2016 WL 3362057, at *2 (11th Cir. June 17, 2016) ("[W]hen an applicant's 'claim implicates *Johnson*,' we must apply binding Supreme Court precedent such as *Descamps*[.]") (citing *In re Adams*). *Compare United States v. Ladwig*, ___ F. Supp. 3d ___, 2016 WL 3619640, at *5 & *3 (E.D. Wash. June 28, 2016) (applying "current case law to determine whether [defendant's] convictions qualify as predicate felonies without the residual clause" in a situation "where the record is unclear whether the Court relied on the residual clause or the remaining, constitutional clauses of the ACCA, and the Court's finding . . . may have rested exclusively on the unconstitutional residual clause").

innocence."  He invokes a "savings clause" or "escape hatch" in § 2255(e), and

thus asks the court to construe this § 2255 Motion as arising under 28 U.S.C.

§ 2241.[14]  Doc. No. 98, Def.'s Supp. Mem. at 14.  But doing so would not help

Defendant.

       "The general rule is that a motion under 28 U.S.C. § 2255 is the

exclusive means by which a federal prisoner may test the legality of his detention,

and that restrictions on the availability of a § 2255 motion cannot be avoided

through a petition under 28 U.S.C. § 2241."  *Stephens v. Herrera*, 464 F.3d 895,

897 (9th Cir. 2006) (citation omitted).  Under the "escape hatch" of § 2255(e),

however, a federal prisoner may file a § 2241 petition if, and only if, the remedy

under § 2255 is "inadequate or ineffective to test the legality of his detention."  *Id.*

(internal quotation marks omitted).  A prisoner may file a § 2241 petition under

the escape hatch when the prisoner "(1) makes a claim of actual innocence, and

---

[14]  Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this
> section, shall not be entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court which sentenced
> him, or that such court has denied him relief, *unless it also appears
> that the remedy by motion is inadequate or ineffective to test the
> legality of his detention*.

(Emphasis added).

(2) has not had an unobstructed procedural shot at presenting that claim." *Id.* at

898 (internal quotation marks omitted).[15]

The Ninth Circuit has rejected a similar argument under the

Sentencing Guideline career offender provision. *See Marrero v. Ives*, 682 F.3d

1190, 1193 (9th Cir. 2012) ("Petitioner's claim that two of his prior offenses

should no longer be considered 'related,' and that he was therefore incorrectly

treated as a career offender, is a purely legal claim that has nothing to do with

factual innocence.  Accordingly, it is not a cognizable claim of 'actual innocence'

for the purposes of qualifying to bring a § 2241 petition under the escape hatch.").

*Marrero* reiterated that "[i]n this circuit, a claim of actual innocence for purposes

of the escape hatch of § 2255 is tested by the standard articulated by the Supreme

Court in *Bousley v. United States*, 523 U.S. 614 (1998)." *Id.* (quoting *Stephens*,

---

[15] "[A] § 2241 petition must be filed in the district where the petitioner is in custody." *Stephens*, 464 F.3d at 897.  If not, the court lacks jurisdiction.  The court is aware that Defendant is currently confined at the Sacramento RRM (Residential Reentry Management), in Sacramento, California. *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/ inmateloc/ (last accessed July 18, 2016) (indicating Defendant is currently located at the Sacramento RRM, with a release date of December 13, 2016).  Nevertheless, Defendant was in custody in the District of Hawaii when his habeas petition was filed on February 4, 2016. *See* Doc. No. 79, § 2255 Motion at 1 (indicating place of confinement as the Honolulu Federal Detention Center).  Thus, if the court construed the § 2255 Motion as seeking relief under § 2241, the court would likely still have jurisdiction despite Defendant's move from Hawaii to California. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[*Ex parte Endo*, 323 U.S. 283 (1944)] stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

464 F.3d at 898).  That is, "actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.  "[A] petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." *Marrero*, 682 F.3d at 1193 (citations omitted).

*Marrero* acknowledged that some circuits have recognized exceptions to that general rule under the escape hatch, but specifically "[did] not decide whether to endorse any of the exceptions." *Id.* at 1195.  That is, "[t]he full scope of the 'actual innocence' doctrine remains unclear [and] [t]he Supreme Court has declined to decide whether a procedural default can be excused by a defendant 'assert[ing] "actual innocence" of a noncapital sentence.'" *Gibbs v. United States*, 655 F.3d 473, 477-78 (6th Cir. 2011) (footnote omitted) (citing *Dretke v. Haley*, 541 U.S. 386, 388-89 (2004)).

*Bryant v. Warden, FCC Colman-Medium*, 738 F.3d 1253 (11th Cir. 2013), applying the doctrine to a non-capital sentencing, permitted a petitioner to challenge his detention under the § 2255(e) escape hatch (that is, under § 2241) where he claimed he had been improperly sentenced above the statutory maximum under the ACCA, finding such a claim akin to a claim of actual innocence.  *Id*. at 1283.  *Bryant* set forth five factors that must be satisfied to demonstrate that a § 2255 motion is "inadequate or ineffective to test the legality of his detention."

*Id*. at 1274.  One of the factors is that his "current detention exceeds the statutory maximum authorized by Congress."  *Brown v. Warden, FCC Coleman-Low*, 817 F.3d 1278, 1279 (11th Cir. 2016) (citing *Bryant*).  Even under *Bryant*, however, Defendant's claim fails.

"Notably, in *Bryant*, the petitioner was serving only one conviction and sentence."  *Brown*, 817 F.3d at 1283 (citing *Bryant*, 738 F.3d at 1258).  The situation is different if a prisoner is serving multiple concurrent sentences such that his "detention" is not illegal, even if one of his sentences is not.  *Id*. at 1284.

> The § 2255(e) savings clause specifies that a prisoner may file a § 2241 petition when his § 2255 motion was "inadequate or ineffective to test the legality of his *detention*."  28 U.S.C. § 2255(e) (emphasis added). When a prisoner has only one conviction and sentence, his detention is legal as long as his sentence is legal. However, if a prisoner is serving multiple sentences, his detention may be legal even if one of his sentences is not.

*Id.*  That is, "there is no fundamental defect when a prisoner is not serving more time, in total, than authorized by law."  *Id*. (footnote omitted).  And so, even assuming an ACCA sentence is illegal, a defendant "cannot 'open a portal' to the § 2255(e) savings clause," *id.* at 1284, if the "erroneous ACCA sentence is not causing him to remain in prison longer that authorized by any of his statutes of conviction."  *Id.* at 1285.

Here, Defendant is serving concurrent 132-month sentences for his

drug conspiracy conviction (Count One) *and* as an armed career criminal under the

ACCA (Count Three).  *See* Doc. No. 54, Judgment at 3.  And, most important, the

drug offense carried a maximum penalty of 40 years under 21 U.S.C.

§ 841(b)(1)(B).  Thus -- even if the court distinguishes Ninth Circuit precedent

(*Marrero*) and follows Eleventh Circuit precedent (*Bryant* and *Brown*) -- and

assuming the court could excuse the § 2255(f) time-bar and apply *Descamps* to

invalidate Defendant's ACCA sentence, his current detention still would not be

illegal.  And so Defendant cannot apply § 2255(e)'s savings clause/escape hatch.

*See Brown*, 817 F.3d at 1279 (holding that "a § 2241 petitioner serving multiple

concurrent sentences must demonstrate that his overall sentence exceeds the

allowable statutory maximum for each of the counts of conviction" to apply the

§ 2255(e) savings clause).

## D.     Certificate of Appealability

Because the court denies Defendant's § 2255 Motion, the court next

addresses whether Defendant should be granted a certificate of appealability

("COA").  See R. 11 Governing Section 2255 Proceedings for the United States

District Courts (providing that "[t]he district court must issue or deny a certificate

of appealability when it enters a final order adverse to the applicant").  A COA

may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient."  *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).  The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further."  *Id.* (citations and internal quotation marks omitted).  *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability should issue only if a prisoner shows, among other things, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").  Applying that standard, the issues addressed in this Order are debatable by jurists of reason -- the issues (some of which are of first impression in the Ninth Circuit) are procedurally and factually complex.  Accordingly, the court will grant a COA.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's § 2255 Motion is DENIED. The court, however, issues a certificate of appealability.  *See* Fed. R. App. P.

22(b)(1); R. 11 Governing Section 2255 Proceedings for the United States District

Courts.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 18, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Carter*, Cr. No. 07-00150 JMS (01), Order (1) Denying Defendant's Motion to Vacate under 28 U.S.C. § 2255, and (2) Granting a Certificate of Appealability