IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 07-00150 JMS (01) |
| | ) | (Civ. No. 16-00046 JMS-KSC) |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING THE UNITED |
| vs. | ) | STATES OF AMERICA'S MOTION |
| | ) | FOR RECONSIDERATION OF THE |
| SCOTT MICHAEL CARTER (01), | ) | COURT'S ORDER OF JULY 18, |
| | ) | 2016, DOC. NO. 102 |
| Defendant. | ) | |
| _____ | ) | |

## ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF JULY 18, 2016, DOC. NO. 102

On July 20, 2016, the government filed a Motion for Reconsideration,

Doc. No. 102, of this court's July 18, 2016 "Order (1) Denying Defendant's

Motion to Vacate under 28 U.S.C. § 2255, and (2) Granting a Certificate of

Appealability" ("July 18, 2016 Order Denying § 2255 Motion").  The

government's Motion for Reconsideration (contrary to its prior positions in this

case) now (1) affirmatively waives its argument to enforce the one-year limitation

of 28 U.S.C. § 2255(f) and (2) concedes that, in light of *Mathis v. United States*,

135 S. Ct. 2243 (2016), if sentenced anew, Defendant's prior burglary convictions

are not "violent felonies" under the Armed Career Criminal Act ("ACCA").  Doc.

No. 102, Mot. at 2-3.  The government now asserts that Defendant's § 2255

Motion should be granted to the extent that he no longer be classified as an armed

career criminal under the ACCA. *Id.* at 3.

      Given those affirmative concessions, the July 18, 2016 Order

Denying § 2255 Motion, Doc. No. 101, is VACATED and WITHDRAWN.

      The Motion for Reconsideration, however, also indicates that the

parties disagree about the nature of the post-2255 proceedings in this case.  The

court thus requests a written response from Defendant as to this aspect of the

Motion for Reconsideration, and in light of the following inclination of the court.

      If a § 2255 motion has merit, the court "shall vacate and set the

judgment aside" and "shall discharge the prisoner or resentence him or grant a new

trial *or correct the sentence as may appear appropriate.*"  28 U.S.C. § 2255(b)

(emphasis added).  The statute gives the court broad discretion.  *See, e.g.*, *United

States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997) ("[T]he statute gives district

judges *wide berth* in choosing the proper scope of post-2255 proceedings.  While

[a judge is] permitted to consider all aspects of the sentence, [a judge is] not

required to do so.") (emphasis added); *United States v. Handa*, 122 F.3d 690, 691

(9th Cir. 1997) ("[Section 2255] confers upon the district court *broad and flexible

power* in its actions following a successful § 2255 motion.") (emphasis added)

(quoting *United States v. Davis*, 112 F.3d 118, 121 (3d Cir. 1997)); *United States*

2

*v. Barron*, 172 F.3d 1153, 1157-58, 1160 (9th Cir. 1999) (en banc). "This broad and flexible power is derived from the equitable nature of habeas corpus relief." *Handa*, 122 F.3d at 691 (citations omitted). Given such discretion, the court is inclined under the facts of this case simply to issue an order (1) vacating and setting aside the original judgment, and (2) issuing a new judgment with a corrected sentence (along with a recalculated term of supervised release), rather than conduct a full resentencing of Defendant.

Defendant's Response is requested by **July 22, 2016**. The government may file a Reply by **July 26, 2016**. A further status conference on the § 2255 Motion will be set thereafter.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 21, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Carter*, Cr. No. 07-00150 JMS (01), Order Granting the United States of America's Motion for Reconsideration of the Court's Order of July 18, 2016, Doc. No. 102